UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23479-BLOOM/Otazo-Reyes

ELIYAHU ABUKASIS,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
*et al*.,

    Defendants.
_____/

### ORDER ON UNOPPOSED MOTION OF TROJAN PROFESSIONAL SERVICES, INC., ("DEFENDANT") TO VACATE CLERK'S DEFAULT

**THIS CAUSE** is before the Court upon the Defendant's Unopposed Motion to Vacate the Clerk's Entry of Default ("Motion"), ECF No. [20], filed by Defendant Trojan Professional Services, Inc. ("Trojan"). A summons was issued as to Trojan on October 25, 2022. ECF No. [3]. Service of the summons and Complaint was executed on Trojan on November 3, 2022, setting a response deadline of November 28, 2022. ECF Nos. [10]-[12]. Upon a *sua sponte* examination of the record on December 22, 2022, the Court ordered Trojan to file a response to the Complaint by December 29, 2022. ECF No. [13] ("Order"). Trojan failed to comply with that Order. On January 4, 2023, Plaintiff filed a motion for entry of default as directed by the Court's Order. The Clerk entered a default against Trojan on January 5, 2023. On the same day, the Court ordered Plaintiff to file either a Motion for Default Final Judgment or a Notice of Joint Liability by January 23, 2023.

On January 11, 2023, Trojan filed the instant Motion. Trojan represents that "[c]ounsel for Plaintiff and [Trojan] have conferred and agreed that there is good cause to [v]acate the

Case No. 22-cv-23479-BLOOM/Otazo-Reyes

Clerk's [d]efault," and that Trojan "shall file a pleading responsive to the complaint on or before January 20, 2023." *Id.* The Motion does not state any grounds for good cause to set aside the Clerk's entry of default.

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default upon a showing of good cause. "'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations omitted). To determine whether good cause exists to set aside a clerk's default, courts consider (1) the timing of the motion; (2) the presence of a meritorious defense; and (3) the degree of prejudice that may occur to the non-defaulting party if relief is granted. *See United States v. One (1) 1980 49 Foot Def. Yacht Lobster Vessel*, 566 F. Supp. 106, 108 (S.D. Fla. 1983). Courts also consider "whether the default was culpable or willful . . . and other factors[,] including whether the public interest was implicated [and] whether there was significant financial loss to the defaulting party." *Compania Interamericana Exp.-Imp., S.A.*, 88 F.3d at 951. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* (citations omitted).

Despite "[t]he parties desire to litigate this matter on the merits," ECF No. [20], the Defendant has failed to set forth the good cause necessary to vacate the Clerk's entry of default. *See Compania Interamericana Exp.-Imp., S.A.*, 88 F.3d at 951. Nor has Trojan attached an Answer or explained what it contends is the meritorious defense. Those circumstances weigh against granting Trojan's Motion. The Court therefore finds that Trojan has not established good cause warranting setting aside the Clerk's entry of default.

Case No. 22-cv-23479-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that Trojan's Motion, **ECF No. [20]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 11, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Trojan Professional Services, Inc.
C/O Corporation Service Company
1201 Hays St
Tallahassee, FL 32301